# LUISA RIVERA
## *v.*
# THE SUN LIFE ASSURANCE COMPANY OF CANADA.

San Juan, Law, No. 999.

ON REMITTITUR AS AFFECTING WRIT OF ERROR.

Writ of Error—Jurisdictional Amount.

    1. The jurisdictional amount for the appeal under § 244 of the Judicial Code of the United States is a sum exceeding $5,000, exclusive of costs.

Remittitur.

    2. Ordinarily the plaintiff may remit a portion of his judgment, and the court may, within its jurisdiction, permit a plaintiff to remit a portion of his judgment, and the action of the court below will not be reviewed by the Supreme Court.

Verdict—Instructions as to Form.

    3. The court may instruct the jury as to remodeling the form of the verdict, provided that the substance is not changed. Where the verdict as brought in calls for interest, the court may instruct the jury to add from what date they intend the interest to run.

Judgment—Interest.

    4. Where the verdict of the jury is for an amount and interest, and motions are made by plaintiff recognizing this amount, the court will not afterwards permit the plaintiff to remit a portion so as to defeat a writ of error.

Pleadings—Interest.

    5. *Semble*, that a complaint for $5,000 will support a verdict for that amount and interest from date of filing the complaint.

Writ of Error—Interest.

    6. *Semble*, that a writ of error will lie to the Supreme Court from judgment for $5,000, if taken after interest begins to run.

Opinion filed March 10, 1914.

*Mr. Willis Sweet* for plaintiff.

*Mr. C. Coll Cuchi* for defendant.

HAMILTON, Judge, delivered the following opinion:

On May 12, 1913, the defendant company issued in favor of plaintiff a life insurance policy for $5,000 upon the life of Felix Rivera Casanova, and the assured died on July 21 next. Payment was refused by the company, and thereupon, on November 22, 1913, Luisa Rivera filed a complaint in this court, setting up the above facts, claiming that the sum of $5,000 is "now due and payable from the said defendant company," and demanding a judgment "for the sum of $5,000, together with her costs and disbursements properly expended in this cause." After various pleadings the cause went to trial, and on January 30, 1914, resulted in a verdict in the words, "We, the jury, find for the plaintiff and assess her damages in the sum of five thousand dollars, no cents, with interest." Attorneys for neither side were present in court when the jury came in, and upon direction from the court to the jury that they should specify from what time the interest ran, the jury, without leaving the box, added to the above verdict the words, "from date of application for payment." Thereupon the clerk on the same day entered the following judgment:

"Whereupon it is considered and adjudged by the court that the plaintiff herein, Luisa Rivera, do have and recover from the defendant, Sun Life Assurance Company, the sum of $5,000, with interest thereon from the 21st day of July, 1913,

until paid, and her costs herein laid out and expended to be taxed."

On February 7, 1914, the plaintiff filed a motion for a new trial, which, after due argument, was denied. On February 17 the plaintiff gave notice that she would "move the court for an execution in said cause tomorrow morning, the 18th instant, at 10 o'clock A. M." This motion was made, and on February 18 also the defendant filed a petition for a writ of error and supersedeas.

On February 21 the plaintiff filed a motion for "modifying or correcting the judgment entered in said cause at the present term of this court, the said modification to be in striking from the judgment the following words: 'with interest thereon from the 21st of July, 1913, until paid,' to the end that said judgment may correspond to the allegation in the pleading contained and the proofs offered at the trial; plaintiff hereby waiving any claim or right to said interest." The motions for a writ of error and for remittitur were submitted together.

1. The law in regard to writs of error and appeals from the final judgments of this court to the Supreme Court is contained in § 244 of the Judicial Code of the United States [36 Stat. at L. 1157, chap. 231, U. S. Comp. Stat. Supp. 1911, p. 229] and for the purposes of this case applies where "the sum or value of the matter in dispute, exclusive of costs, to be ascertained by the oath of either party or of other competent witnesses, exceeds the sum or value of $5,000." This wording, it will be observed, is different from that fixing the jurisdictional amount for a complaint in this court. If the motion of the plaintiff for a remittitur is granted, the amount of the judg-

ment will be reduced to $5,000 and consequently will not be sufficient for a writ of error.

2. There is no question that ordinarily the plaintiff may remit a portion of his judgment, and in a proper case the court will require this as a condition for not granting a new trial. The allowance of such a remittitur is discretionary with the trial court, and will not be reviewed by the Supreme Court. For the purposes of an appeal or writ of error the judgment as entered controls. Pacific Postal Teleg. Cable Co. v. O'Connor, 128 U. S. 394, 32 L. ed. 488, 9 Sup. Ct. Rep. 112; Baltimore & O. R. Co. v. Griffith, 159 U. S. 603, 40 L. ed. 274, 16 Sup. Ct. Rep. 105.

3. The right of the court to instruct a jury as to the form of their verdict is not to be doubted, any more than the right of the court to instruct a jury as to any other legal matter, of course provided that the substance of the verdict is not interfered with. The substance was not interfered with in this case, for the verdict as brought in provided for interest. This could not be presumed to be interest from the date of the verdict, for that is provided for by law already. Civil Code of Porto Rico, § 1075, which is as follows:

"Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest. Until another rate is fixed by the government, interest at the rate of 6 per cent per annum shall be considered as legal."

Rivera v. The Sun Life Assurance Co.

And, moreover, the jury made their intention clear by the addition which they made.

4. The contention of the plaintiff is that her pleadings are for $5,000 and do not claim interest, and that she should have the right to remit what she did not claim. *Non constat* the complaint was drawn exclusive of interest, so as to prevent an appeal in case of recovery. If this remittitur had been asked for immediately after the verdict or immediately after judgment, the situation might be materially different; but in point of fact the plaintiff affirmed the verdict and judgment by asking for execution thereon. The defendant does not object to the amount of the verdict, and the facts show a practical contemporaneous agreement of the parties on the wording, for no criticism was made of the verdict until after the defendant initiated a proceeding to review the case in the Supreme Court. While rights may not have been vested by this, it is the first step in taking the case out of this court, and all intendments are to be made, and the discretion of this court is to be exercised in keeping matters *in statu quo* from that time on.

5. It may be added that it is not clear that interest might not have been recovered under the original complaint. This alleges in paragraph 6 that $5,000 is "now due and payable," that is to say, at least from November 22, 1913. If $5,000 was due and payable at that time, the law would add interest from that time. It might be that if the defendant sought to make a remittitur of interest for the interest prior to the date when the complaint was filed, it would have been granted. If there was no testimony as to date of application for payment, the court would hold the day of filing the complaint was such date, and this the court judicially knows was November 22, 1913.

6. ,It will be observed that the appellate jurisdiction requires judgment for over $5,000, besides the costs. This provision is somewhat unusual. Often jurisdiction is fixed at exceeding a certain sum, exclusive of interest. Thus the jurisdiction of district courts, under the Judicial Code, § 24 (1) is $3,000, exclusive of interest and costs, and the provision found in the act of March 2, 1901, § 3, as to this court, only changes the amount. 31 Stat. at L. 953, chap. 812. It might as well be, therefore, that an appeal would lie to the Supreme Court from a judgment for $5,000 if taken at any time after interest had begun to run upon the $5,000. This point, however, is merely suggested, and is not determined, as it is not necessary to the decision of this case.

It follows that plaintiff's motion for remittitur must be denied, and defendant's motion for writ of error must be granted; and it is so ordered.